J-A07021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DONNEL AMA BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER PAUL MALONE | : | No. 956 MDA 2025 |

Appeal from the Order Entered June 9, 2025
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s):  00595-DR-19,
PACSES No. 472117592

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: FEBRUARY 27, 2026**

Appellant, Donnel Ama Brown, appeals *pro se* from the June 9, 2025 order that terminated the child support obligation of Appellee, Peter Paul Malone, due to the emancipation of the parties' daughter and reduced Appellee's monthly payment towards arrears.  Upon review, we dismiss this appeal due to the substantial defects in Appellant's brief.

A detailed recitation of the procedural and factual history is unnecessary to our review.  Briefly, the parties are involved in protracted child support proceedings.  On June 9, 2025, after a hearing, the court reduced Appellee's monthly payment towards child support arrears to $100 per month after hearing evidence that Appellee had a decreased earning capacity due to a shoulder injury that necessitated surgery and a prolonged recovery time.  This timely appeal followed.

As stated above, the brief that Appellant has submitted to this court fails to conform to the basic requirements of appellate advocacy. For the following reasons, we dismiss this appeal.

It is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on her lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted); **see** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). Rule 2119 clearly states that the argument portion of an

appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue[s] to be waived." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018). "This Court will not act as counsel[.]" **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

Appellant's three-page brief, which purports to analyze three separate issues raised on appeal, fails to include an argument section. Accordingly, the brief fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. Appellant baldly cites a handful of statutes throughout the brief, but she fails to provide any statutory language, context, or citation to the record. Appellant's failure to provide any legal framework or authority to develop and support the issues she raises on appeal not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed. The prothonotary is directed to strike this case from the March 10, 2026 argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026